## FOURTH DEPARTMENT, APRIL, 1981

### (April 3, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS REILLY, Appellant. — Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion in the interest of justice, and defendant remanded to Erie County Court for further proceedings, in accordance with memorandum, and, as modified, affirmed, Callahan, J., not participating. Memorandum: Upon his conviction of one count of criminal sale of a controlled substance, sixth degree (Penal Law, § 220.31, now amd by L 1979, ch 410, § 16 and described as criminal sale, fifth degree), and criminal possession of a controlled substance, seventh degree (Penal Law, § 220.03) defendant was sentenced to one-year imprisonment on each count to run concurrently. The absence of a prior criminal record and both the nature and the amount of drugs involved suggest that a one-year period of incarceration was not appropriate (Penal Law, § 65.00, subd 1). Under the circumstances of this case the sentences were excessive and should be modified. Accordingly, the judgment is modified as a matter of discretion in the interest of justice by reducing the sentence to one of probation for a period of five years to encompass the sentences for both convictions and defendant remanded to Erie County Court to fix the conditions of probation (Penal Law, § 65.10). Because we have determined that the other issues raised by the defendant are without merit, as modified, the judgment is affirmed. (Appeal from judgment of Erie County Court — criminal sale of controlled substance, sixth degree, and another charge.) Present — Cardamone, J.P., Hancock, Jr., Callahan, Denman and Schnepp, JJ.

■ SYLVIA M. CHONKA, Respondent, v YOUR HOST, INC., et al., Appellants. — Judgment unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff's attorney independently inserted in the judgment an amount for prejudgment interest on lost wage damages. In determining the award to be made plaintiff, the jury had been instructed to compensate plaintiff for the lost use of the wages denied her by her wrongful discharge, and it specifically stated in returning its verdict that it allowed for reduction of credits to plaintiff in arriving at one lump-sum payment for lost wages. Therefore, the provision for prejudgment interest should be struck from the judgment. (Appeals from judgment of Erie Supreme Court — wrongful discharge.) Present — Dillon, P.J., Simons, Hancock, Jr., Doerr and Moule, JJ.